UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ADVANTAGE FUNDING CORPORATION, )
                                )
        Plaintiff,              )CIVIL ACTION NO. _____
                                )
Vs.                             )
                                )
JOHN MORIARTY & ASSOCIATES      )
OF FLORIDA, INC.,               )
AMERICARIBE, INC. d/b/a         )
Americaribe-Moriarty JV,        )
PLAZA CONSTRUCTION GROUP        )            COMPLAINT
FLORIDA, LLC, FACCHINA          )
CONSTRUCTION OF FLORIDA, LLC,   )        WITH JURY DEMAND
KAST CONSTRUCTION COMPANY, LLC,)
CB CONSTRUCTORS, INC.,          )
THE RELATED GROUP OF FLORIDA,   )
KLEEN TEEM SERVICES, INC.,      )
KLEEN TEEM CLEANING AND         )
CONSTRUCTION SERVICES, LLC,     )
DEAN STAVRAKAS, and GEORGE      )
STAVRAKAS,                      )
                                )
        Defendants.             )

<u>PARTIES</u>

1. Defendant, JOHN MORIARTY & ASSOCIATES OF FLORIDA, INC. is a Florida business corporation, transacting business or maintaining its principal office in Miami-Dade County, Florida, subject to the jurisdiction of this Court pursuant to 28 U.S. Code §1332, and can be served with process upon its registered agent, The Prentice-Hall Corporation System, Inc., 1201 Hays Street, Suite 105, Tallahassee, Florida 32301.

2. Defendant, AMERICARIBE, INC. d/b/a Americaribe-Moriarty Joint Venture is a Florida business corporation, transacting business or maintaining its principal office in Miami-Dade County, Florida, subject to the jurisdiction of this Court

pursuant to 28 U.S. Code §1332, and can be served with process upon its registered agent, P. Tristan Bourgoignie, 1200 Anastasia Avenue, Suite 140, Coral Gables, Florida 33131.

3. Defendant, PLAZA CONSTRUCTION GROUP FLORIDA, LLC is a limited liability company, transacting business or maintaining its principal office in Miami-Dade County, Florida, subject to the jurisdiction of this Court pursuant to 28 U.S. Code §1332, and can be served with process upon its registered agent, CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

4. Defendant, FACCHINA CONSTRUCTION OF FLORIDA, LLC is a Florida limited liability company, transacting business or maintaining its principal office in Miami-Dade County, Florida, subject to the jurisdiction of this Court pursuant to 28 U.S. Code §§1332 and 1367, and can be served with process upon its registered agent, Karla Mendez, 9675 NW 117th Avenue, Suite 109, Miami, Florida 33178.

5. Defendant, KAST CONSTRUCTION COMPANY LLC is a Florida limited liability company, transacting business or maintaining its principal office in Palm Beach County, Florida, subject to the jurisdiction of this Court pursuant to 28 U.S. Code §§1332 and 1367, and can be served with process upon its registered agent, Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

6. Defendant, CB CONSTRUCTORS, INC. is a Florida business corporation, transacting business or maintaining its principal office in Broward County, Florida, subject to the jurisdiction of

this Court pursuant to 28 U.S. Code §§1332 and 1367, and can be served with process upon its registered agent, Michael C. Taylor, 2251 Blount Road, Pompano Beach, Florida 33069.

7. Defendant, THE RELATED GROUP OF FLORIDA is a Florida business general partnership, transacting business or maintaining its principal office in Miami-Dade County, Florida, subject to the jurisdiction of this Court pursuant to 28 U.S. Code §§1332 and 1367, and can be served with process upon its partners: Related Florida, LTD: 2898 Coral Way, Penthouse, Miami, Florida 33145 or Related General of Florida, LTD: 2898 Coral Way, Penthouse, Miami, Florida 33145.

8. Defendant, KLEEN TEEM SERVICES, INC. is an Illinois business corporation, transacting business or maintaining its registered office in Broward County, Florida, subject to the jurisdiction of this Court pursuant to 28 U.S. Code §1332, and can be served with process upon its registered agent, Symean Stavrakas, 3601 W. Devon Ave, #3, Chicago, Illinois 60659.

9. Defendant, KLEEN TEEM CLEANING AND CONSTRUCTION SERVICES, LLC is a Florida limited liability company, transacting business or maintaining its principal office in Broward County, Florida, subject to the jurisdiction of this Court pursuant to 28 U.S. Code §1332, and can be served with process upon its registered agent, Dean Stavrakas, 100 N. Federal Highway, #524, Ft. Lauderdale, Florida 33301.

10. Defendant, DEAN STAVRAKAS is a resident of Broward County, Florida, transacting business within this State, subject to

the jurisdiction of this Court pursuant to 28 U.S. Code §1332, and can be served with process at his place of business: 100 N. Federal Highway, #524, Ft. Lauderdale, Florida 33301.

11. Defendant, GEORGE STAVRAKAS is a resident of Cook County, Illinois, transacting business within this State, subject to the jurisdiction of this Court pursuant to 28 U.S. Code §1332, and can be served with process at his place of business or residence: 4001 West Devon Avenue, #410, Chicago, Illinois 60646.

<u>JURISDICTION</u>

12. At the time of filing of the within civil action, Plaintiff Advantage Funding Corporation is a corporation duly organized and existing under the laws of the State of Georgia and no other state, with its principal place of business in Atlanta, Cobb County, Georgia; and no named Defendant is organized under the laws of the State of Georgia or maintains its principal place of business in the State of Georgia.

13. Plaintiffs claims as hereinafter set forth, are for the recovery of sums in excess of $462,485.50 from Defendants, and therefore the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

14. As to certain Defendants, Plaintiff's claims are so related to the claims in the action against the remaining Defendants of which there is original jurisdiction, that they form part of the same case or controversy.

15. Based upon the above facts, and by reason of complete diversity of citizenship between Plaintiff and all

Defendants, and because the amount in controversy is more than $75,000.00 exclusive of interest and costs, this Court has original jurisdiction of this matter pursuant to the provisions of 28 U.S.C. §1332; or alternatively, because the claims in the action are so related to the claims of which there is original jurisdiction that they form part of the same case or controversy, this Court has supplemental jurisdiction of this matter pursuant to the provisions of 28 U.S.C. §1367(a).

<u>VENUE</u>

16.  As above set forth, several named Defendants against which Plaintiff has substantial claims, are deemed to reside or have their principal place of business within the Southern District of Florida.

17.  A substantial part of the events giving rise to Plaintiff's claims occurred within the Southern District of Florida.

18.  Based upon the above facts, venue for this matter is properly set before this Court pursuant to the provisions of 28 U.S.C. §1391.

<u>COUNT I: INVOICES AND OPEN ACCOUNTS RECEIVABLE</u>

19. On or about October 7, and 16, and November 8, 2015, Kleen Teem Cleaning and Construction Services, LLC assigned to Plaintiff by Purchase and Sale Agreements, all rights, title and interest in and to invoices and resulting account receivable of Defendant, John Moriarty & Associates of Florida, Inc. in the

principal amount of $84,382.55, true copies of which are attached hereto as "Exhibit A-1", "Exhibit A-2", and "Exhibit A-3".

20.   True copies of the aforesaid Purchase and Sale Agreements are attached hereto as "Exhibit B-1", "Exhibit B-2", and "Exhibit B-3"

21. On or about October 5 and 15, and November 20, 2015, Defendant, Kleen Teem Cleaning and Construction Services, LLC notified Defendant, John Moriarty & Associates of Florida, Inc. that the aforesaid invoices and resulting account receivable had been purchased by Plaintiff, and directed that Defendant, John Moriarty & Associates of Florida, Inc. pay the subject invoices "directly and solely" to "Kleen Teem % Advantage AFC, 1000 Parkwood Circle Suite 300, Atlanta, GA 30339".

22.   True copies of the aforesaid notifications are attached hereto as "Exhibit C- 1", "Exhibit C- 2" and "Exhibit C-3".

23. Plaintiff has made demand upon Defendant, John Moriarty & Associates of Florida, Inc. for the payment of said indebtedness.

24. As of the date hereof, the aforesaid invoices and account receivable of Defendant, John Moriarty & Associates of Florida, Inc. are due and unpaid.

25. Defendant, John Moriarty & Associates of Florida, Inc. is indebted in the principal amount of $75,668.36 (after partial payment of $8,714.19) to Plaintiff, as assignee upon the

open invoices and resulting account receivable, true copies of which are attached hereto as "Exhibit A-1", "Exhibit A-2" and "Exhibit A-3".

26.  Notwithstanding the aforesaid invoices, accounts receivable, notifications and demand, Defendant, John Moriarty & Associates of Florida, Inc. has failed and refused to make payment of said indebtedness in the principal amount of $75,668.36, and Plaintiff is therefore entitled to recover interest upon said indebtedness at the maximum legal rate pursuant to Florida Statutes §56.03(1).

27.  On or about October 21, 22, November 12 and 20, 2015, Kleen Teem Cleaning and Construction Services, LLC assigned to Plaintiff by Purchase and Sale Agreements, all rights, title and interest in and to invoices and resulting account receivable of Defendant, Americaribe, Inc. d/b/a Americaribe-Moriarty Joint Venture in the principal amount of $115,491.46, true copies of which are attached hereto as "Exhibit D-1", "Exhibit D-2", "Exhibit D-3" and "Exhibit D-4".

28.  True copies of the aforesaid Purchase and Sale Agreements are attached hereto as "Exhibit E-1", "Exhibit E-2", "Exhibit E-3" and "Exhibit E-4".

29. On or about October 19 and 20 and November 10 and 18, 2015, Defendant, Kleen Teem Cleaning and Construction Services, LLC notified Defendant, Americaribe, Inc. d/b/a Americaribe-Moriarty Joint Venture that the aforesaid invoices and resulting account receivable had been purchased by Plaintiff, and directed that

Defendant, Americaribe, Inc. d/b/a Americaribe-Moriarty Joint Venture pay the subject invoices "directly and solely" to "Kleen Teem % Advantage AFC, 1000 Parkwood Circle Suite 300, Atlanta, GA 30339".

30.   True copies of the aforesaid notifications are attached hereto as "Exhibit F-1", "Exhibit F-2", "Exhibit F-3" and "Exhibit F-4".

31.   Plaintiff has made demand upon Defendant, Americaribe, Inc. d/b/a Americaribe-Moriarty Joint Venture for the payment of said indebtedness.

32. As of the date hereof, the aforesaid invoices and account receivable of Defendant, Americaribe, Inc. d/b/a Americaribe-Moriarty Joint Venture are due and unpaid.

33.   Defendant, Americaribe, Inc. d/b/a Americaribe-Moriarty Joint Venture is indebted in the principal amount of $115,491.46 to Plaintiff, as assignee upon the open invoices and resulting account receivable, true copies of which are attached hereto as "Exhibit D-1", "Exhibit D-2", "Exhibit D-3" and "Exhibit D-4".

34.   Notwithstanding the aforesaid invoices, accounts receivable, notifications and demand, Defendant, Americaribe, Inc. d/b/a Americaribe-Moriarty Joint Venture has failed and refused to make payment of said indebtedness in the principal amount of $115,491.46, and Plaintiff is therefore entitled to recover interest upon said indebtedness at the maximum legal rate pursuant to Florida Statutes §56.03(1).

35. On or about May 5, April 17, July 14, (est.) and November 18, 2015, and January 11, 2016, Kleen Teem Cleaning and Construction Services, LLC assigned to Plaintiff by Purchase and Sale Agreements, all rights, title and interest in and to invoices and resulting account receivable of Defendant, Plaza Construction Group Florida, LLC in the principal amount of $140,577.97, true copies of which are attached hereto as "Exhibit G-1", "Exhibit G-2", "Exhibit G-3", "Exhibit G-4" and "Exhibit G-5".

36. True copies of the aforesaid Purchase and Sale Agreements are attached hereto as "Exhibit H-1", "Exhibit H-2", "Exhibit H-3", "Exhibit H-4" and "Exhibit H-5".

37. On or about April 15, May 3, July 15, November 11, 2015 and January 7, 2016, Defendant, Kleen Teem Cleaning and Construction Services, LLC notified Defendant, Plaza Construction Group Florida, LLC that the aforesaid invoices and resulting account receivable had been purchased by Plaintiff, and directed that Defendant, Plaza Construction Group Florida, LLC pay the subject invoices "directly and solely" to "Kleen Teem % Advantage AFC, 1000 Parkwood Circle Suite 300, Atlanta, GA 30339".

38. True copies of the aforesaid notifications are attached hereto as "Exhibit I-1", "Exhibit I-2", "Exhibit I-3", "Exhibit I-4" and "Exhibit I-5".

39. Plaintiff has made demand upon Defendant, Plaza Construction Group Florida, LLC for the payment of said indebtedness.

40. As of the date hereof, the aforesaid invoices and

account receivable of Defendant, Plaza Construction Group Florida, LLC are due and unpaid.

41. Defendant, Plaza Construction Group Florida, LLC is indebted in the principal amount of $125,908.38 (after partial payment of $14,597.59) to Plaintiff, as assignee upon the open invoices and resulting account receivable, true copies of which are attached hereto as "Exhibit G-1", "Exhibit G-2", "Exhibit G-3", "Exhibit G-4" and "Exhibit G-5".

42. Notwithstanding the aforesaid invoices, account receivable, notifications and demand, Defendant, Plaza Construction Group Florida, LLC has failed and refused to make payment of said indebtedness in the principal amount of $125,908.38, and Plaintiff is therefore entitled to recover interest upon said indebtedness at the maximum legal rate pursuant to Florida Statutes §56.03(1).

43. On or about November 17, 2015, Kleen Teem Cleaning and Construction Services, LLC assigned to Plaintiff by Purchase and Sale Agreement, all rights, title and interest in and to an invoice and resulting account receivable of Defendant, Facchina Construction of Florida, LLC in the principal amount of $21,904.75, a true copy of which is attached hereto as "Exhibit J-1".

44. A true copy of the aforesaid Purchase and Sale Agreement is attached hereto as "Exhibit K-1".

45. On or about November 11, 2015, Defendant, Kleen Teem Cleaning and Construction Services, LLC notified Defendant, Facchina Construction of Florida, LLC that the aforesaid invoice and resulting account receivable had been purchased by Plaintiff,

and directed that Defendant, Facchina Construction of Florida, LLC pay the subject invoice 'directly and solely" to "Kleen Teem % Of Advantage Funding Corporation, 1000 Parkwood Circle Suite 300, Atlanta, GA 30339".

46. A true copy of the aforesaid notification is attached hereto as "Exhibit L-1".

47. Plaintiff has made demand upon Defendant, Facchina Construction of Florida, LLC for the payment of said indebtedness.

48. As of the date hereof, the aforesaid invoice and account receivable of Defendant, Facchina Construction of Florida, LLC is due and unpaid.

49. Defendant, Facchina Construction of Florida, LLC is indebted in the principal amount of $21,904.75 to Plaintiff, as assignee upon the open invoice and resulting account receivable, a true copy of which is attached hereto as "Exhibit J-1".

50. Notwithstanding the aforesaid invoice, account receivable, notifications and demand, Defendant, Facchina Construction of Florida, LLC has failed and refused to make payment of said indebtedness in the principal amount of $21,904.75, and Plaintiff is therefore entitled to recover interest upon said indebtedness at the maximum legal rate pursuant to Florida Statutes §56.03(1).

51. On or about April 20, 2015, Kleen Teem Cleaning and Construction Services, LLC assigned to Plaintiff by Purchase and Sale Agreement, all rights, title and interest in and to an invoice and resulting account receivable of Defendant, Kast Construction

Company LLC in the principal amount of $17,551.04, a true copy of which is attached hereto as "Exhibit M-1".

52.  A true copy of the aforesaid Purchase and Sale Agreement is attached hereto as "Exhibit N-1".

53.  On or about April 16, 2015, Defendant, Kleen Teem Cleaning and Construction Services, LLC notified Defendant, Kast Construction Company LLC that the aforesaid invoice and resulting account receivable had been purchased by Plaintiff, and directed that Defendant, Kast Construction Company LLC pay the subject invoice "directly and solely" to "Kleen Teem % Of Advantage Funding Corporation, 1000 Parkwood Circle Suite 300, Atlanta, GA 30339".

54.  A true copy of the aforesaid notification is attached hereto as "Exhibit O-1".

55.  Plaintiff has made demand upon Defendant, Kast Construction Company LLC for the payment of said indebtedness.

56.  As of the date hereof, the aforesaid invoice and account receivable of Defendant, Kast Construction Company LLC is due and unpaid.

57.  Defendant, Kast Construction Company LLC is indebted in the principal amount of $17,551.04 to Plaintiff, as assignee upon the open invoice and resulting account receivable, a true copy of which is attached hereto as "Exhibit M-1".

58.  Notwithstanding the aforesaid invoice, account receivable, notification and demand, Defendant, Kast Construction Company LLC has failed and refused to make payment of said indebtedness in the principal amount of $17,551.04, and Plaintiff

-12-

is therefore entitled to recover interest upon said indebtedness at the maximum legal rate pursuant to Florida Statutes §56.03(1).

59. On or about January 7, March 31, April 17, May 21, and June 22, 2015, Kleen Teem Cleaning and Construction Services, LLC assigned to Plaintiff by Purchase and Sale Agreements, all rights, title and interest in and to invoices and resulting account receivable of Defendant, CB Constructors, Inc. in the principal amount of $78,628.45, true copies of which are attached hereto as "Exhibit P-1", "Exhibit P-2", "Exhibit P-3", "Exhibit P-4" and "Exhibit P-5".

60. True copies of the aforesaid Purchase and Sale Agreements are attached hereto as "Exhibit Q-1", "Exhibit Q-2", "Exhibit Q-3", "Exhibit Q-4" and "Exhibit Q-5".

61. On or about January 6, March 30 (est.), April 15, May 20, and June 19, 2015, Defendant, Kleen Teem Cleaning and Construction Services, LLC notified Defendant, CB Constructors, Inc. that the aforesaid invoices and resulting account receivable had been purchased by Plaintiff, and directed that Defendant, CB Constructors, Inc. pay the subject invoices "directly and solely" to "Kleen Teem ℅ Advantage AFC, 1000 Parkwood Circle Suite 300, Atlanta, GA 30339".

62. True copies of the aforesaid notifications are attached hereto as "Exhibit R-1", "Exhibit R-2", "Exhibit R-3", "Exhibit R-4" and "Exhibit R-5".

63. Plaintiff has made demand upon Defendant, CB Constructors, Inc. for the payment of said indebtedness.

64. As of the date hereof, the aforesaid invoices and account receivable of Defendant, CB Constructors, Inc. are due and unpaid.

65. Defendant, CB Constructors, Inc. is indebted in the principal amount of $67,810.01 (after partial payment of $10,818.44) to Plaintiff, as assignee upon the open invoices and resulting account receivable, true copies of which are attached hereto as "Exhibit P-1", "Exhibit P-2", "Exhibit P-3", "Exhibit P-4" and "Exhibit P-5".

66. Notwithstanding the aforesaid invoices, account receivable, notifications and demand, Defendant, CB Constructors, Inc. has failed and refused to make payment of said indebtedness in the principal amount of $67,810.01, and Plaintiff is therefore entitled to recover interest upon said indebtedness at the maximum legal rate pursuant to Florida Statutes §56.03(1).

67. On or about January 22 (est.) and June 8 (est.), 2015, Kleen Teem Cleaning and Construction Services, LLC assigned to Plaintiff by Purchase and Sale Agreements, all rights, title and interest in and to invoices and resulting account receivable of Defendant, The Related Group of Florida in the principal amount of $38,151.50, true copies of which are attached hereto as "Exhibit V-1", and "Exhibit V-2".

68. True copies of the aforesaid Purchase and Sale Agreements are attached hereto as "Exhibit W-1" and "Exhibit W-2".

69. On or about January 23 and June 19, 2015, Defendant, Kleen Teem Cleaning and Construction Services, LLC notified

Defendant, The Related Group of Florida that the aforesaid invoices and resulting account receivable had been purchased by Plaintiff, and directed that Defendant, The Related Group of Florida pay the subject invoices "directly and solely" to "Kleen Teem % Of Advantage AFC, 1000 Parkwood Circle Suite 300, Atlanta, GA 30339".

70.   True copies of the aforesaid notifications are attached hereto as "Exhibit X-1" and "Exhibit X-2".

71. Plaintiff has made demand upon Defendant, The Related Group of Florida for the payment of said indebtedness.

72. As of the date hereof, the aforesaid invoices and account receivable of Defendant, The Related Group of Florida are due and unpaid.

73. Defendant, The Related Group of Florida is indebted in the principal amount of $38,151.50 to Plaintiff, as assignee upon the open invoices and resulting account receivable, true copies of which are attached hereto as "Exhibit V-1" and "Exhibit V-2".

74.   Notwithstanding the aforesaid invoices, account receivable, notifications and demand, Defendant, The Related Group of Florida  has failed and refused to make payment of said indebtedness in the principal amount of $38,151.50, and Plaintiff is therefore entitled to recover interest upon said indebtedness at the maximum legal rate pursuant to Florida Statutes §56.03(1).

WHEREFORE, Plaintiff demands:

(a) That process upon the within and foregoing Complaint issue and be served upon Defendants as provided by law;

(b) Judgment pursuant to COUNT I in favor of Plaintiff, Advantage Funding Corporation and against: Defendant, John Moriarty & Associates of Florida, Inc. in the principal amount of $75,668.36 together with pre-judgment interest at the maximum legal rate pursuant to Florida Statutes §56.03(1); Defendant, Americaribe, Inc. d/b/a Americaribe-Moriarty, JV in the principal amount of $115,491.46 together with pre-judgment interest at the maximum legal rate pursuant to Florida Statutes §56.03(1); Defendant, Plaza Construction Group Florida, LLC in the principal amount of $125,908.38 together with pre-judgment interest at the maximum legal rate pursuant to Florida Statutes §56.03(1); Defendant, Facchina Construction of Florida, LLC in the principal amount of $21,904.75 together with pre-judgment interest at the maximum legal rate pursuant to Florida Statutes §56.03(1); Defendant, Kast Construction Company LLC in the principal amount of $17,551.04 together with pre-judgment interest at the maximum legal rate pursuant to Florida Statutes §56.03(1); Defendant, CB Constructors, Inc. in the principal amount of $67,810.01 together with pre-judgment interest at the maximum legal rate pursuant to Florida Statutes §56.03(1); and Defendant, The Related Group of Florida in the principal amount of $38,151.50 together with pre-judgment interest at the maximum legal rate pursuant to Florida Statutes §56.03(1); and

(c) Such other and further relief as to this Court seems just as to Count I.

<u>COUNT II: BREACH OF WARRANTIES AND GUARANTEES</u>

75.  Between January 7, 2015, and January 11, 2016,
Defendant,  Kleen Teem Cleaning and Construction Services, LLC
assigned to Plaintiff, all rights, title and interest in and to the
invoices and related accounts receivable of Defendants, John
Moriarty & Associates of Florida, Inc.,  Americaribe, Inc. d/b/a
Americaribe-Moriarty, JV, Plaza Construction Group Florida, LLC,
Facchina Construction of Florida, LLC, Kast Construction Company
LLC, CB Constructors, Inc., and The Related Group of Florida in the
aggregate principal amount of $462,485.50, true copies of which are
attached hereto as "Exhibit A-1", "Exhibit A-2", "Exhibit A-3",
"Exhibit D-1", "Exhibit D-2", Exhibit D-3", Exhibit D-4", "Exhibit
G-1", "Exhibit G-2", "Exhibit G-3", "Exhibit G-4", "Exhibit G-5",
"Exhibit J-1", "Exhibit M-1", "Exhibit P-1", "Exhibit P-2",
"Exhibit P-3", "Exhibit P-4", "Exhibit P-5", "Exhibit V-1" and
"Exhibit V-2".

76.  Between January 7, 2015, and January 11, 2016,
Defendant, Dean Stavakas, individually and as an officer, employee
or agent of Kleen Teem Cleaning and Construction Services, LLC,
executed purchase and sale agreements, guarantees or security
agreements in favor of Plaintiff, true copies of which are
attached hereto as "Exhibit B-1", "Exhibit B-2", "Exhibit B-3",
Exhibit E-1", "Exhibit E-2", "Exhibit E-3", "Exhibit E-4",
"Exhibit H-1", "Exhibit H-2", "Exhibit H-3", "Exhibit H-4",
"Exhibit H-5", "Exhibit K-1", "Exhibit N-1", "Exhibit Q-1",
"Exhibit Q-2", "Exhibit Q-3", "Exhibit Q-4", "Exhibit Q-5",

"Exhibit W-1" and "Exhibit W-2".

77. The aforesaid Accounts Receivable Purchase and Sale Agreements provide:

"Section 7. Seller's Representations and Covenants. Seller, each of Seller's principals executing on behalf of Seller, and each guarantor, represent, warrant and covenant to Purchaser that: ...
(d) The amount of each Account is due and owing to Seller and represents an accurate statement of a bona fide furnishing of labor, material or supplies. The terms for payment of Accounts are not more than forty-five (45) days from date of invoice unless extended terms are expressly acceptable to Purchaser, and the payment of such Accounts is not contingent upon the fullfillment by Seller of any further performance of any nature whatsoever. ...
(e) There are not now and shall be no set-offs, allowances, discounts, deductions, counterclaims, bankruptcy petition(s) filed by or against Seller's Customer(s), or disputes with respect to any Account, whether at the time an Account is accepted by Purchaser for purchase or prior to or after the date it is to be paid. ...
(j) Any Application made or delivered by or on behalf of Seller in connection with this Agreement, and the statements made therein are true and correct at the time that this Agreement is executed. There is no fact which Seller has not disclosed to Purchaser in writing which could materially adversely affect the properties, business, financial condition, or prospects of Seller, or any of the Accounts or Collateral, or which is necessary to disclose in order to keep the foregoing representations and warranties from being misleading."

78. The aforesaid Accounts Receivable Purchase and Sale Agreements provide:

"Section 17. Attorney's Fees. Seller agrees to reimburse Purchaser upon demand for all reasonable attorney's fees, court costs and other expenses incurred by Purchaser in preparation, negotiation and enforcement of this Agreement and protecting or enforcing its interest in the Accounts or the Collateral, in collecting the Accounts or the Collateral and responding to resolve a Disputed Account, or in the representation of Purchaser in connection with any bankruptcy case or insolvency proceeding involving Seller, the Collateral, any Account

-18-

Debtor or any Account."

79. Plaintiff has made demand upon Defendants, John Moriarty & Associates of Florida, Inc., Americaribe, Inc. d/b/a Americaribe-Moriarty, JV, Plaza Construction Group Florida, LLC, Facchina Construction of Florida, LLC, Kast Construction Company LLC, CB Constructors, Inc., and The Related Group of Florida for the payment of said indebtedness.

80. Defendants, John Moriarty & Associates of Florida, Inc., Americaribe, Inc. d/b/a Americaribe-Moriarty, JV, Plaza Construction Group Florida, LLC, Facchina Construction of Florida, LLC, Kast Construction Company LLC, CB Constructors, Inc., and The Related Group of Florida have disputed, or asserted defenses, failure of contingencies or unfulfilled contracts with respect thereto.

81. Plaintiff has made demand upon Defendants, Kleen Teem Cleaning and Construction Services, LLC and Dean Stavakas for the payment of said indebtedness.

82. As of the date hereof, the aforesaid invoices and accounts receivable are due and unpaid in the sum of $462,485.50.

83. By virtue of the aforesaid accounts receivable, the aforesaid dispute and assertions of Defendants, John Moriarty & Associates of Florida, Inc., Americaribe, Inc. d/b/a Americaribe-Moriarty, JV, Plaza Construction Group Florida, LLC, Facchina Construction of Florida, LLC, Kast Construction Company LLC, CB Constructors, Inc. and The Related Group of Florida, and the breach of representations and warranties of Defendants, Kleen Teem

-19-

Cleaning and Construction Services, LLC and Dean Stavrakas, Plaintiff has suffered actual damages as of the date hereof, in the principal amount of $462,485.50.

84. Notwithstanding the aforesaid invoices, accounts, representations, warranties, guarantees, demands, claims and disputes, Defendants, Kleen Teem Cleaning and Construction Services, LLC and Dean Stavrakas have failed and refused to make payment of said indebtedness in the principal amount of $462,485.50, and Plaintiff is therefore entitled to recover interest upon said indebtedness, at the maximum legal rate pursuant to Florida Statutes §56.03(1).

85. Pursuant to the terms and provisions of the Purchase and Sale Agreements of Plaintiff and Defendant, Kleen Teem Cleaning and Construction Services, LLC, and personal guarantees of payment of Defendant, Dean Stavrakas, Plaintiff is entitled to recover of Defendants, Kleen Teem Cleaning and Construction Services, LLC and Dean Stavrakas, its expenses of litigation herein, including attorney's fees such as are proven at trial.

WHEREFORE, Plaintiff demands:

(d) Judgment pursuant to COUNT II in favor of Plaintiff, Advantage Funding Corporation and against Defendants, Kleen Teem Cleaning and Construction Services, LLC, and Dean Stavrakas in the principal amount of $462,485.50, pre-judgment interest from the date due through the date of entry of Judgment at the maximum legal rate pursuant to Florida Statutes §56.03(1), and expenses of litigation including attorney's fees such as proved at trial; and

(e) Such other and further relief as to this Court seems just as to Count II.

<u>COUNT III: CONVERSION</u>

86. Between January 7, 2015, and January 11, 2016, Defendant, Kleen Teem Cleaning and Construction Services, LLC assigned to Plaintiff all rights, title and interest in and to invoices and accounts receivable of Defendants, John Moriarty & Associates of Florida, Inc., Americaribe, Inc. d/b/a Americaribe-Moriarty, JV, Plaza Construction Group Florida, LLC, Facchina Construction of Florida, LLC, Kast Construction Company LLC, CB Constructors, Inc. and The Related Group of Florida in the principal amount of $462,485.50, true copies of which are attached hereto as "Exhibit A-1", "Exhibit A-2", "Exhibit A-3", "Exhibit D-1", "Exhibit D-2", "Exhibit D-3", "Exhibit D-4", "Exhibit G-1", "Exhibit G-2", "Exhibit G-3", "Exhibit G-4", "Exhibit G-5", "Exhibit J-1", "Exhibit M-1", "Exhibit P-1", "Exhibit P-2", "Exhibit P-3", "Exhibit P-4", "Exhibit P-5", "Exhibit V-1" and "Exhibit V-2".

87. Upon Plaintiff's information and belief, between January 7, 2015 and January 11, 2016, Defendant, Dean Stavrakas, individually and as an officer, employee or agent of Kleen Teem Cleaning and Construction Services, LLC, and Defendant, George Stavrakas, individually and as an officer of Kleen Teem Cleaning and Construction Services, LLC, either procured or participated in the tortious conversion of some or all of the proceeds of the invoices and accounts receivable of Defendants, John Moriarty &

Associates of Florida, Inc., Americaribe, Inc. d/b/a Americaribe-Moriarty, JV, Plaza Construction Group Florida, LLC, Facchina Construction of Florida, LLC, Kast Construction Company LLC, CB Constructors, Inc., or The Related Group of Florida, in a total amount to be proved at trial, and unlawfully deprived Plaintiff of its rightful receipt and possession thereof.

88. The actions of Defendants, Dean Stavrakas and George Stavrakas showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

89. The actions of Defendants, Dean Stavrakas and George Stavrakas are attributable to Defendant, Kleen Teem Cleaning and Construction Services, LLC by virtue of the doctrine of respondeat superior.

90. By virtue of the aforesaid tortious conversions by Defendants, Dean Stavrakas and George Stavrakas, which are attributable to Defendant, Kleen Teem Cleaning and Construction Services, LLC, Plaintiff has suffered actual damages in an amount to be proved at trial.

91. By virtue of the aforesaid willful misconduct and fraud by Defendants, Dean Stavrakas and George Stavrakas, attributable to Defendant, Kleen Teem Cleaning and Construction Services, LLC, Plaintiff is entitled to recover of said Defendants, punitive damages in the amount of $1,000,000.00 solely to punish, penalize, or deter said Defendants from repeating the trespass.

WHEREFORE, Plaintiff demands:

(f) Judgment in favor of Plaintiff pursuant to Count III of the Complaint, against Defendants, Kleen Teem Cleaning and Construction Services, LLC, Dean Stavrakas and George Stavrakas in the principal amount of actual damages as proved at trial, and $1,000,000.00 punitive damages; and

(g) Such other and further relief as to this Court seems just as to Count III.

<u>COUNT IV: ACCOUNTING</u>

92. Plaintiff incorporates herein by reference, the allegations contained in paragraphs 19 through 91 foregoing.

93. Upon Plaintiff's information and belief, Defendants Kleen Teem Cleaning and Construction Services, LLC, Dean Stavrakas and George Stavrakas have willfully and intentionally commingled the proceeds of the aforesaid invoices and accounts receivable with their personal estates, and converted the proceeds of the aforesaid invoices and accounts receivable purchased by, and assigned to Plaintiff, and as a result thereof, Plaintiff has suffered actual damages in an amount to be proved at trial.

94. In addition to the aforesaid specific invoices and accounts receivable, Plaintiff holds a general security interest in all invoices and accounts receivable of Defendant Kleen Teem Cleaning and Construction Services, LLC, perfected by the filing of record, UCC-1 Financing Statement No. 201401207950 with the Secretary of State of Florida, a true copy of which Security Agreement is attached hereto as "Exhibit Y", and a true copy of which UCC-1 Financing Statement is attached hereto as "Exhibit Z",

and by written notices of security interest in receivables and demands for payment to Defendants and account debtors, John Moriarty & Associates of Florida, Inc., Americaribe, Inc. d/b/a Americaribe-Moriarty, JV, Plaza Construction Group Florida, LLC, Facchina Construction of Florida, LLC, and Kast Construction Company LLC, true copies of which notices are attached hereto as "Exhibit Notice 1A", "Exhibit Notice1B", "Exhibit Notice 2", "Exhibit Notice 3", "Exhibit Notice 4", and "Exhibit Notice 5".

95.   Notwithstanding the aforesaid perfected security interest of Plaintiff in all invoices and accounts receivable of Defendants, Kleen Teem Services, Inc. and Kleen Teem Cleaning and Construction Services, LLC, and notices and demands for payment thereof given to the respective Defendants and account debtors, upon Plaintiff's information and belief, from and after the dates of the aforesaid notices and demands, some or all of Defendants, John Moriarty & Associates of Florida, Inc., Americaribe, Inc. d/b/a Americaribe-Moriarty JV, Plaza Construction Group Florida, LLC, Facchina Construction of Florida, LLC, and Kast Construction Company LLC, have paid to, or for the benefit of Defendants, Kleen Teem Cleaning and Construction Services, LLC or Kleen Teem Services, Inc., funds which are subject to Plaintiff's perfected security interest therein.

96. By virtue of the foregoing, Plaintiff is entitled to a legal accounting of the proceeds of the aforesaid invoices and accounts receivable as commingled among Defendants, Kleen Teem Cleaning and Construction Services, LLC, Kleen Teem Services, Inc.,

Dean Stavrakas or George Stavrakas and their individual estates, or as wrongfully paid by Defendants, John Moriarty & Associates of Florida, Inc., Americaribe, Inc. d/b/a Americaribe-Moriarty JV, Plaza Construction Group Florida, LLC, Facchina Construction of Florida, LLC, or Kast Construction Company LLC, to parties or persons other than Plaintiff.

WHEREFORE, Plaintiff demands:

(h) A legal accounting pursuant to COUNT IV, of all sums converted by Defendants, Kleen Teem Cleaning and Construction Services, LLC, Dean Stavrakas and George Stavrakas, or wrongfully paid to parties other than Plaintiff by Defendants, John Moriarty & Associates of Florida, Inc., Americaribe, Inc. d/b/a Americaribe-Moriarty, JV, Plaza Construction Group Florida, LLC, Facchina Construction of Florida, LLC, Kast Construction Company LLC, CB Constructors, Inc., or The Related Group of Florida; and

(i) Such other and further relief as to this Court seems just as to Count IV.

COUNT V: FORECLOSURE OF SECURITY INTEREST IN RECEIVABLES

97.    Plaintiff incorporates herein by reference, the allegations contained in paragraphs 19 through 74, 94 and 95 foregoing.

98. By virtue of the foregoing, and pursuant to Florida Statutes 679.601(1)(a) and 679.607(1)(a) and (c), Plaintiff is entitled to foreclose its security interest in the specific invoices and accounts receivable referenced in Count I foregoing, and all invoices and accounts receivable of Defendants, Kleen Teem

Cleaning and Construction Services, LLC and Kleen Teem Services, Inc., due and owing from, or wrongfully paid by Defendants, John Moriarty & Associates of Florida, Inc., Americaribe, Inc. d/b/a Americaribe-Moriarty JV, Plaza Construction Group Florida, LLC, Facchina Construction of Florida, LLC, Kast Construction Company LLC, CB Constructors, Inc., or The Related Group of Florida, to parties or persons other than Plaintiff.

99. By virtue of the foregoing, and pursuant to Florida Statutes 679.601(1)(a) and 679.607(1)(a) and (c), upon foreclosure of its security interest in the specific invoices and accounts receivable referenced in Count I foregoing, and all invoices and accounts receivable of Defendants, Kleen Teem Cleaning and Construction Services, LLC and Kleen Teem Services, Inc., due and owing from, or wrongfully paid by Defendants, John Moriarty & Associates of Florida, Inc., Americaribe, Inc. d/b/a Americaribe-Moriarty JV, Plaza Construction Group Florida, LLC, Facchina Construction of Florida, LLC, Kast Construction Company LLC, CB Constructors, Inc., or The Related Group of Florida to parties or persons other than Plaintiff after receipt of Notice of Assignment or Notice of Perfected Security Interest, Plaintiff is entitled to Judgment against each of said Defendants in the amount of all invoices and accounts receivable due and unpaid by each such Defendant, to Defendants, Kleen Teem Cleaning and Construction Services, LLC or Kleen Teem Services, Inc., and all invoices and accounts receivable wrongfully paid by each such Defendant to parties or persons other than Plaintiff, after receipt of Notice of

Assignment or Notice of Security Interest in favor of Plaintiff.

WHEREFORE, Plaintiff demands:

(j) Foreclosure of security interest, and Judgment in favor of Plaintiff pursuant to Florida Statutes 679.601(1)(a) and 679.607(1)(a) and (c), against Defendants, John Moriarty & Associates of Florida, Inc., Americaribe, Inc. d/b/a Americaribe-Moriarty JV, Plaza Construction Group Florida, LLC, Facchina Construction of Florida, LLC, Kast Construction Company LLC, CB Constructors, Inc., and The Related Group of Florida for all sums due and owing from, or wrongfully paid to parties or persons other than Plaintiff, by each of said Defendants after receipt of Notice of Assignment or Notice of Security Interest;

(k) Such other and further relief as to this Court seems just as to Count V; and

(l) That all costs of Court be cast upon Defendants.

<u>JURY DEMAND</u>

Pursuant to U.S. Constitution Amendment VII, and Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury of the within action and all issues of fact triable therein.

<u>/s/ Richard A. Gordon</u>
Richard A. Gordon, Esq.
Georgia Bar No. 302475
(Pro Hac Vice Application Pending)
E-mail: rglaw@bellsouth.net
Richard A. Gordon, P.C.
Suite 101
1495 Powers Ferry Road
Marietta, GA 30067
Telephone: (770) 952-2900
Facsimile: (770) 988-9650
Counsel for Plaintiff

/s/ Daniel W. Matlow
Daniel W. Matlow, Esq.
Florida Bar No. 384666
E-mail: dmatlow@matlowlaw.com
Daniel W. Matlow, P.A.
4600 Sheridan Street, Suite 300
Hollywood, FL 33021
Telephone: (954) 842-2365
Facsimile: (954) 337-3101
Local Counsel for Plaintiff